**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

  *Plaintiff*

v.                                      CRIM. NO. 10-344 (PG)

WENDELL RIVERA-RUPERTO (1),
YAMIL M. NAVEDO RAMÍREZ (2),

  *Defendants.*

**OPINION AND ORDER**

    Currently before the Court is a motion for severance under Fed. R. Crim. P. 14 filed by co-defendant Wendell Rivera-Ruperto ("Rivera-Ruperto"). Docket No. 387. There, Rivera-Ruperto requests the Court sever his trial from that of co-defendant Yamil M. Navedo-Ramírez ("Navedo"), given that Navedo has expressed her intent to present evidence on battered person syndrome, which will portray Rivera-Ruperto as the alleged batterer. For the reasons that follow, the Court **DENIES** his request, but will hereby reconsider its prior order denying a similar request made by Navedo and **GRANT** the same. See Dockets No. 343 and 393. Thus, the Court will sever Navedo's trial from that of co-defendants Rivera-Ruperto, Bernís González Miranda, and José M. Nieves-Vélez, and will conduct her trial afterwards.

**I. BACKGROUND**

    On March 6, 2012, the Court issued an Opinion and Order whereby it granted in part and denied in part several motions in limine filed by the Government. Docket No. 392. Said Opinion and Order had the effect of allowing Navedo to submit expert testimony concerning battered person syndrome, as long as it fell within the bounds drawn by the Court. The Court also ordered Navedo to submit a proffer of evidence as to the anticipated content of her expert witness' testimony by March 12, 2012. Navedo complied. See Docket No. 397. Although the Court is currently passing no judgment as to the admissibility of the evidence contained in Navedo's proffer, it believes that Rivera-Ruperto's rights will be better

safeguarded by holding separate trials for him and Navedo.

## II. DISCUSSION

Federal Rule of Criminal Procedure 14 provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Tiem Trinh, 665 F.3d 1 (1st Cir. 2011)(citing United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010)). The Supreme Court has stated that "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro v. United States, 506 U.S. 534, 540; 113 S.Ct. 933, 939 (1993).

The Court recognizes that it is in no position to anticipate exactly which facts and defenses will be presented at trial by the parties. However, it is reasonably likely that Navedo will attempt to introduce testimony regarding the specific instances of abuse, violence, control and coercion by Rivera-Ruperto as part of her defense of duress. Navedo may seek to introduce said evidence through her own testimony, the testimony of lay witnesses, or the testimony of her own expert witness. Presently, the Court is not making a ruling on the admissibility of said evidence, but if Navedo is indeed successful in introducing it, there is a substantial likelihood that the same will be highly prejudicial to Rivera-Ruperto's defense. Thus the Court agrees with Rivera-Ruperto when he argues that said testimony will be "unfairly prejudicial and highly inflammatory against [him], on a course of conduct not related to the elements of the offence that he is charged with." Docket No. 387 at 3.[1]

---

[1] As Rivera-Ruperto puts it, Navedo's defense "would amount to an allegation that Mr. Rivera Ruperto is a very bad man who forced her into crime; as announced it undoubtedly would enter into an alleged pattern of physical and emotional abuse. In order for the jury to give credence to her affirmative defense it would be forced to reach a conclusion as to

Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The First Circuit has observed how Rule 403 protects defendants from unfair prejudice resulting from criminal propensity evidence. United States v. Mare, 668 F.3d 35, 40 (1st Cir. 2012). Additionally, the Court notes that Navedo's proffered evidence on Rivera-Ruperto's prior bad acts may unduly influence the jury by portraying him as a person who is prone to violent or criminal behavior. This would be improper under Federal Rule of Evidence 404(b), which provides that evidence of a defendant's prior bad acts may not be admitted to prove his criminal character or propensity to commit crimes similar to those he is on trial for. United States v. Gentles, 619 F.3d 75, 86 (1st Cir. 2010).

Even with cautionary instructions, the Court cannot guarantee to Rivera-Ruperto that the jury will not consider the testimony as to his violent character in determining his guilt or innocence. Thus, the Court deems it appropriate to hold a separate trial for Navedo, which will take place after Rivera-Ruperto and his other co-defendants' trial ends. This way, the Court may avoid navigating through the minefield that will be created by having Navedo's expert witness (or any other witness who might testify as to Rivera-Ruperto's violent character) testify in a joint trial with Rivera-Ruperto.

### III. CONCLUSION

For the reasons above stated, the Court hereby **VACATES** its prior order (See Docket No. 393) denying Navedo's motion for severance (Docket No. 343), and upon *motu proprio* reconsideration, hereby **GRANTS** the same. Thus, the Court will sever Navedo's trial from that of co-defendants Rivera-Ruperto, Bernís González Miranda, and José M. Nieves-Vélez, and will conduct Navedo's trial afterwards. Rivera-Ruperto's motion for severance (Docket No. 387) is **DENIED**.

---

Mr. Rivera Ruperto's character based on evidence it would not have access [to] otherwise." Docket No. 387, at 3.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, March 15, 2012.

                                                *s/ Juan M. Pérez-Giménez*
                                                **JUAN M. PEREZ-GIMENEZ**
                                          **SENIOR U.S. DISTRICT JUDGE**